IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARLENE THROWER, *individually, and as Administratrix of the Estate of* CSILISA E. WHITEHEAD,<br><br>    Plaintiff,<br><br>v.<br><br>COMMONWEALTH OF PENNSYLVANIA, ESTELLE B. RICHMAN, *individually*, KEVIN T. CASEY, *individually*, JEFF PETRACO, *individually*, PAM KUHNO, *individually*, JILL MORROW, M.D., *individually*, CHERYL MCCALL, *individually*, ALAN BELLOMO, *individually*, FRED LOKUTA, *individually*, SUSAN LIGHTBOURN, M.D., *individually*, and EBENSBURG CENTER,<br><br>    Defendants. | CIVIL ACTION NO. 3:10-CV-222<br>JUDGE KIM R. GIBSON |

## MEMORANDUM OPINION AND ORDER OF COURT

### I. SYNOPSIS

This matter comes before the Court on Defendants' Motion to Dismiss (Doc. No. 15) Plaintiff's Amended Complaint (Doc. No. 14) pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff opposes the motion. (Doc. No. 19). For the reasons that follow, the motion is **GRANTED**.

### II. JURISDICTION AND VENUE

Jurisdiction has been invoked pursuant to 42 U.S.C. §§ 1331 and 1343. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in Ebensburg, located in the Western District of Pennsylvania.

### III. BACKGROUND

Marlene Thrower, individually and as administratrix of the estate of Csilisa E. Whitehead ("Plaintiff"), commenced the instant action by writ of summons on December 29, 2009 and subsequent complaint filed with the Court of Common Pleas of Cambria County on August 10, 2010. (Doc. No. 1). The above-captioned Defendants ("Defendants") removed the case to federal court on August 23, 2010 pursuant to 28 U.S.C. §§ 1441 and 1446. (*Id.*). Plaintiff filed a complaint with this Court on August 25, 2010, (Doc. No. 2), which Defendants moved to dismiss on September 14, 2010, (Doc. No. 4). Plaintiff filed an amended complaint on October 22, 2010, (Doc. No. 14), which prompted the Court to dismiss Defendants' motion to dismiss the original complaint as moot, (see Doc. No. 31).

Through her amended complaint, Plaintiff seeks to recover wrongful death and survival damages under 42 U.S.C. § 1983 and Pennsylvania law for the death of Csilisa E. Whitehead ("Decedent"). (Doc. No. 14). Specifically, Plaintiff contends that Decedent was receiving full-time medical and behavioral care at the Ebensburg Center, an intermediate care facility owned and operated by the Commonwealth of Pennsylvania, which provides care for individuals suffering from intellectual disabilities, when she died after Defendants administered two doses of Haldol on December 29, 2007. (Doc. No. 19 at 2). Plaintiff claims that Defendants thereby violated Decedent's federally enforceable rights under the Omnibus Budget Reconciliation Act of 1987, sections 1396a and 1396d(d) of Title XIX of the Social Security Act, codified at 42 U.S.C. §§ 1396-1396v ("Medicaid Act"), and implementing regulations found at 42 C.F.R. § 483.400, *et seq*. (See Doc. No. 14 at 5-12; Doc. No. 19 at 3). Plaintiff also seeks damages for medical negligence under Pennsylvania law and the medical-professional liability exception to sovereign immunity, 42 Pa. Cons. Stat. § 8522(2). (Doc. No. 14 at 12-14).

Defendants filed the present motion to dismiss on November 11, 2010, (Doc. No. 15), asserting that Plaintiff has failed to state a claim upon which relief may be granted. The motion has been fully briefed, (Doc. Nos. 16, 19, 22), and the issues are now ripe for disposition.

## IV.    STANDARD OF REVIEW

Defendants brought the motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. Rule 12(b)(6) must be balanced with the requirements of Rule 8, which governs general pleading matters and provides that "[a] pleading that states a claim for relief must contain . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8.

While the recent decisions of the United States Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), represent a significant change in federal pleading standards, the United States Court of Appeals for the Third Circuit has provided clear guidance to the district courts. To wit:

> [A]fter *Iqbal*, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." 129 S. Ct. at 1950. In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Phillips*, 515 F.3d at 234-35. As the Supreme Court instructed in *Iqbal*, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal*, 129 S. Ct. at 1950. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009). In short, a district court reviewing a motion to dismiss for failure to state a claim must "accept all factual allegations as true,

construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Id.* at 210 (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). However, "legal conclusions" and "[t]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice" as bona fide factual material. *Iqbal*, 129 S. Ct. at 1949.

## V. DISCUSSION

Defendants raise several arguments in support of their motion to dismiss. In particular, they contend that: (1) the named Defendants in this action cannot be held liable under § 1983; (2) §§ 1396a and 1396d(d) of the Medicaid Act cannot give rise to a § 1983 claim; and (3) Defendants are immune from liability for medical negligence under Pennsylvania law. Because of the Court's conclusion regarding the first issue, Defendants' remaining contentions need not be addressed at this time.

In their supporting brief, Defendants argue that the motion to dismiss should be granted because § 1983 claims cannot be maintained against the various entities and individuals named as Defendants in the case *sub judice*. (Doc. No. 16 at 7-8). Specifically, Defendants assert that: (1) "there can be no § 1983 claim against the Commonwealth [of Pennsylvania] or the Ebensburg Center" because "[s]tate governments are not persons who can be sued under § 1983"; (2) "[s]tate officials and employees sued in their official capacity are not persons under § 1983 and cannot be held liable for damages"; and (3) Plaintiff has not alleged sufficient personal involvement to support a § 1983 claim against the individual Defendants. In response, Plaintiff concedes the first two arguments,[1] and explains that "[t]his is the very reason why [she] took efforts [with her amended

---

[1] "The Plaintiff concedes that she cannot assert a claim for money damages against the Commonwealth of Pennsylvania

4

complaint] to specifically clarify that each of the Defendants was being sued 'individually.'" (Doc. No. 19 at 7-8). Plaintiff further contends that it is "glaringly apparent" from the caption of the amended complaint that they are being sued in their individual capacities, and that "there is really nothing else which needs to be said on this point." (*Id.* at 8). Plaintiff correctly notes that the caption indicates which Defendants are being sued individually, (see Doc. No. 14), but is certainly mistaken in her latter contention.

As the Third Circuit has explained, in order to maintain a § 1983 claim against a government employee in his individual capacity, the individual "must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of respondeat superior." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)); see also *Seeds of Peace Collective v. Pittsburgh*, Civ. A. No. 09-1275, 2010 U.S. Dist. LEXIS 52187, *11 (W.D. Pa. 2010) (citing *Iqbal*, 129 S. Ct. at 1948, and stating: "Because this lawsuit is based on 42 U.S.C. § 1983, vicarious liability is inapplicable and plaintiffs must plead that each government official through his own actions violated the Constitution."). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Evancho*, 423 F.3d at 353 (quoting *Rode*, 845 F.2d at 1207). Further, the Third Circuit has made it abundantly clear that failure to demonstrate this requisite personal involvement is fatal to a § 1983 claim. See *Gay v. Petsock*, 917 F.2d 768, 771 (3d Cir. 1990) (upholding the dismissal of a civil rights claim when there was "nothing in the record to suggest that [the individual] was involved in the acts complained of or that they were done with his knowledge

---

under 42 U.S.C. § 1983. She also concedes that she cannot assert these claims against the individual Defendants in their official capacities." (Doc. No. 19 at 7).

5

and acquiescence"); Evancho, 423 F.3d at 354 (upholding the dismissal of a complaint which "merely hypothesiz[ed] that [the individual] may have been somehow involved [in the alleged wrongdoing] simply because of his position as the head of the Office of the Attorney General").

Instantly, Plaintiff's amended complaint alleges no facts to establish the requisite level of personal involvement in wrongful conduct by any of the individual Defendants. Instead, Plaintiff "merely hypothesizes" that the individuals were involved by nature of their job duties,[2] which is legally insufficient to survive a motion to dismiss. See Evancho, 423 F.3d at 354. Plaintiff also broadly asserts that all Defendants violated her rights,[3] but provides no facts regarding any individual Defendant's particular involvement. Such "legal conclusions" and "conclusory statements" similarly fall short of Plaintiff's burden to state a claim. See Iqbal, 129 S. Ct. at 1949. Therefore, Plaintiff has failed to state a claim upon which relief may be granted, and Defendants' Motion to Dismiss (Doc. No. 15) is **GRANTED**.[4] In the interest of justice, it is further **ORDERED** that Plaintiff is **GRANTED** leave to amend her amended complaint within thirty days.

VI. CONCLUSION

For the reasons stated above, Plaintiff has failed to state a § 1983 claim against Defendants. Accordingly, Defendants' Motion to Dismiss (Doc. No. 15) is **GRANTED**. In the interest of

---

[2] Plaintiff contends that numerous individuals "exercise control of, and responsibility for, the Ebensburg Center" and the "medical decisions[,]" "nursing decisions[,]" and "procedures and training" at the center. (Doc. No. 14 at 2-3).

[3] Plaintiff claims that all "Defendants[,] in derogation of the [the Medicaid Act and implementing regulations], and as a custom and policy, failed to comply with the aforementioned regulations[.]" (Doc. No. 14 at 6-9). She also contends that "[t]he following conduct on the part of the Defendants falls short of that which is required" by statute. (Id. at 9-10). Nowhere, however, does she support these sweeping allegations by citing any misdeeds of any individual Defendant.

[4] Absent a § 1983 claim, this Court would decline to exercise supplemental jurisdiction over the remaining state law claims; thus, the Court will not examine the sufficiency of Plaintiff's state law claims. Moreover, having dismissed the § 1983 claims on other grounds, the Court will not address Defendants' contention that §§ 1396a and 1396d(d) of the Medicaid Act cannot not give rise to a § 1983 claim.

justice, it is further **ORDERED** that Plaintiff is **GRANTED** leave to amend her amended complaint within thirty days. The following Order will issue:

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARLENE THROWER, *individually, and as Administratrix of the Estate of* CSILISA E. WHITEHEAD,

Plaintiffs,

v.

COMMONWEALTH OF PENNSYLVANIA, ESTELLE B. RICHMAN, *individually*, KEVIN T. CASEY, *individually*, JEFF PETRACO, *individually*, PAM KUHNO, *individually*, JILL MORROW, M.D., *individually*, CHERYL MCCALL, *individually*, ALAN BELLOMO, *individually*, FRED LOKUTA, *individually*, SUSAN LIGHTBOURN, M.D., *individually*, and EBENSBURG CENTER,

Defendants.

CIVIL ACTION NO. 3:10-CV-222
JUDGE KIM R. GIBSON

## ORDER

**AND NOW**, this 29th day of September, 2011, this matter coming before the Court on Defendants' Motion to Dismiss (Doc. No. 15) Plaintiff's Amended Complaint (Doc. No. 14) pursuant to Federal Rule of Civil Procedure 12(b)(6), **IT IS HEREBY ORDERED** that the Defendant's Motion is **GRANTED** for the reasons stated in the foregoing memorandum, and that Plaintiff is **GRANTED** leave to amend her complaint within thirty days.

BY THE COURT:

KIM R. GIBSON,
UNITED STATES DISTRICT JUDGE